IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JOHN P. POLCASTRO, SR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No. 1:05-cv-00909-MEF-VPM |
| | ) |
| **GREG WARD, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S
ANSWER TO DEFENDANTS' SPECIAL REPORT**

COME NOW Sheriff Greg Ward, Carl Rowe, Donald Weeks, and Ray Mock, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Answer to the Defendants' Special Report by stating as follows:

**I.   PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

On December 1, 2005, this Court entered an Order stating:

> [I]n filing a response to Defendants' report Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits of evidentiary materials may result in this court accepting Defendants' evidence as the truth.

Despite this Court's Order, the Plaintiff has failed in his Response to submit any sworn testimony or other evidentiary materials. Therefore, the evidence as presented by the Defendants should be accepted as undisputed, and thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

1

**II.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S EXCESSIVE FORCE CLAIM.**

The Plaintiff admits that he was charged with assault as a result of the incident of which he complains. Because this charge is still pending in the District Court of Geneva County, the Plaintiff's claims arising from this incident are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998) (explaining that "a civil proceeding challenging the grounds on which the prosecution against Uboh had been commenced *indirectly* would implicate the question of Uboh's guilt; this type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same set of events is precisely the quandary that Heck prohibits") (emphasis added). Furthermore, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment on the merits of the excessive force claim.

**III.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFF'S MEDICAL CLAIM.**

Plaintiff alleges that he has not been taken to the dentist. However, since the filing of the Defendants' Special Report, the Plaintiff has been taken to the dentist for tooth extractions. (Exhibit A, Supplemental Affidavit of Carl Rowe, "Supp. Rowe aff.," ¶ 13; Exhibit 2 to Supp. Rowe aff., Geneva County Jail Prisoner Activity Sheet, Notes dated January 9, 2006, and Exhibit 3 to Supp. Rowe aff., Invoice from Dr. Thomas Parish dated January 24, 2006.) Clearly, based on this evidence as well as the evidence as set forth in the Defendants' Special Report, the Defendants have not been deliberately indifferent to the Plaintiff's medical needs.

## IV.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFF'S CONDITIONS OF CONFINEMENT CLAIM.

Plaintiff, in his Answer to Defendants' Special Report, has failed to show that the Defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Upon admission to the Geneva County Detention Center all inmates, including the Plaintiff are issued a mattress, a blanket, a care package with toiletries, a towel, a washcloth, eating utensils, two jumpsuits, and one pair of slippers. Inmates must have their own sheets brought in to the detention facility. Inmates are allowed to have the following items brought to them in the detention facility: a coat, a grey or white sweat suit, shower shoes, gym shorts, and three pairs of boxers. (Ex. A, Supp. Rowe aff. ¶ 4.) Blankets are laundered between inmates. In the interim, they can also be laundered upon inmate request. (Ex. A, Supp. Rowe aff. ¶ 5.) Inmates are taken outside for exercise twice a day, five days a week except on holidays. (Ex. A, Supp. Rowe aff. ¶ 6.) Inmates are served three meals a day, seven days a week. Meals are based on pre-planned menus to ensure that a balanced diet is followed. Healthy portions of food are served at each meal. (Ex. A, Supp. Rowe aff. ¶ 12; Exhibit 1 to Supp. Rowe aff., Geneva County Jail Menu, January 16, 2006 – January 26, 2006.) To the extent that the Plaintiff attempts to raise a new claim in his answer based on allegations that Carl Rowe does not do security checks and instead tells the inmates to "police" the cell, that claim is not properly before the court as it was not included in the Plaintiff's complaint and no amendment has been made. Furthermore, the Plaintiff does not allege how he was injured as a result of this new allegation.

V.  **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE PLAINTIFF'S ACCESS TO COURTS CLAIM.**

It is the policy of the Geneva County Sheriff's Department that all inmates committed to the Geneva County Jail be given access to the courts. This is accomplished through various means, including allowing routine visits with inmates from their attorneys, access to mail and a telephone, including free mail service to indigent inmates, and by access to the County's law library. The Geneva County Sheriff's Department does not maintain a separate law library for the Geneva County Jail. The only library located in Geneva County, Alabama to which members of the public have access is that located at the Geneva County Courthouse. Inmates may, at any time, make a request to use the County law library. After a request is made to use the County law library, inmates are taken there at the first available time that officers are available to supervise the use, and when no danger to the public will be presented by the presence of the inmate. In addition, inmates may, at any time, request a specific book, or copy of a publication from the library. Such requests are responded to by obtaining the requested item from the library and bringing it to the jail for the inmate's use. (Ex. A, Supp. Rowe aff. ¶ 7.) Indigent inmates are provided with paper, envelops, and stamps. Non-indigent inmates may purchase these items within the detention facility. (Ex. A, Supp. Rowe aff. ¶ 8.)

Furthermore, as set forth in Defendants' Special Report, the Plaintiff has still failed to show how he has been prejudiced in any way. This lack of prejudice is demonstrated clearly by the Plaintiff's being able to file his Complaint and subsequent filings. Because the Plaintiff has not shown the required prejudice, his access to courts claims are due to be dismissed as a matter of law.

## VI. PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

Internal grievance procedures at the Geneva County Detention Facility are available to all inmates.  It is the policy of the Geneva County Detention Facility that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly.  Inmates are given an inmate grievance form upon their request to complete and return to a detention center staff member for any grievance they may have.  It is further the policy and procedure of the Geneva County Detention Facility to place each such grievance in the inmate's file for a record of the same.  No grievance forms are ever thrown away by Detention Facility staff as such would be a violation of the Geneva County Detention Facility policy.  (Ex. A, Supp. Rowe aff. ¶ 9.)  The Plaintiff did not file a grievance with the Geneva County Detention Facility.  (Ex. A, Supp. Rowe aff. ¶ 10; see also Exhibit B, Inmate File of John P. Polcastro, Sr.[1].)

Respectfully submitted this the 8th day of February, 2006.

                                      **s/C. Richard Hill, Jr.**
                                      C. RICHARD HILL, JR. Bar No. HIL045
                                      Attorney for Defendants
                                      WEBB & ELEY, P.C.
                                      7475 Halcyon Pointe Drive (36117)
                                      Post Office Box 240909
                                      Montgomery, Alabama  36124
                                      Telephone:  (334) 262-1850
                                      Fax:  (334) 262-1889
                                      E-mail:  rhill@webbeley.com

---

[1] A copy of the Plaintiff's entire inmate file is attached for the Court's review as Exhibit B.

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 8th day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        John P. Polcastro, Sr.
        Geneva County Jail
        PO Box 115
        Geneva, AL 36340

                **s/C. Richard Hill, Jr.**
                OF COUNSEL